IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01984-BNB

GEOFFREY LACHMAN,

    Plaintiff,

v.

THE STATE OF NEBRASKA,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Geoffrey Lachman, who resides in Colorado Springs, Colorado, filed *pro se* an amended complaint (ECF No. 7) pursuant to the "Little Tucker Act (28 U.S.C. 1346)(a)(2) in regards to violations of the Fourth, Fifth, Eighth, and 14th Amendments of the U.S. Constitution."  ECF No. 7 at 2.  He also filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 8).

    As his first claim, Mr. Lachman complained that on June 1, 2012, he applied for unemployment insurance from the State of Nebraska but failed to receive full unemployment payments.  As his second claim, Mr. Lachman complained that improper information was released to the State of Texas regarding unemployment funds to be dispersed.  He also complained that the State of Nebraska withheld funds, which prevented the State of Texas from releasing funds to him.

    On September 4, 2012, Magistrate Judge Boyd N. Boland entered an order (ECF No. 10) granting Mr. Lachman's motion for leave to proceed *in forma pauperis* pursuant

to § 1915 and directing him to file a second amended complaint within thirty days that clarified the basis for jurisdiction and whether venue is proper in the district of Colorado and complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The order noted that the Little Tucker Act, 28 U.S.C. § 1346(a)(2), grants federal district courts concurrent jurisdiction over contract claims against the United States where a plaintiff seeks no more than $10,000 in damages.  *See Rural Water Sewer & Solid Waste Mgmt. v. City of Guthrie*, 654 F.3d 1058, 1070 (10th Cir. 2011).  Mr. Lachman sought $9,950 in money damages but did not assert a contract claim against the United States.  Therefore, § 1346(a)(2) did not appear to be applicable to his claims.

On September 12, 2012, the copy of the September 4 order mailed to Mr. Lachman was returned to the Court as undeliverable, indicating a forwarding address for Plaintiff.  ECF No. 11.  On September 12, the Court entered a minute order (ECF No. 12) directing the clerk of the Court to remail the September 4 order to Mr. Lachman at the forwarding address provided.  On October 4, 2012, Mr. Lachman filed the second amended complaint.  On October 5, 2012, the remailed copy of the September 4 order was returned to the Court as undeliverable.  ECF No. 17.

On October 18, 2012, Magistrate Judge Boland entered a minute order (ECF No. 20) directing Mr. Lachman to provide the Court with a valid mailing address within ten days because mail sent to Mr. Lachman at each of the two addresses the Court had for Plaintiff had been returned to the Court as undeliverable.  *See* ECF Nos. 11 and 17.  The minute order warned Mr. Lachman that failure to provide a valid mailing address within the time allowed would result in the dismissal of the instant action.  Local Rule

10.1M. of the Local Rules of Practice for this Court requires the filing of a notice of change of address within five days after any change of address.

Mr. Lachman has failed within the time allowed to provide a valid address or otherwise to communicate with the Court in any way in response to the October 18 minute order. Therefore, the complaint and the action will be dismissed for failure to comply with a Court order and for failure to prosecute.

In addition, the Court has reviewed the second amended complaint and has determined that it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In the September 4 order, Magistrate Judge Boland explained that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). He warned Mr. Lachman that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Magistrate Judge Boland stated that Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." He pointed out that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules. Prolix, vague, or unintelligible pleadings violate Rule 8. Mr. Lachman's second amended complaint, like the amended complaint he filed on August 28, is vague and confusing.

Magistrate Judge Boland further pointed out in the September 4 order that the general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). He informed Mr. Lachman he must provide "a generalized statement of the facts from which the defendant[s] may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). He noted that, for the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Finally, Magistrate Judge Boland explained that a decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). Magistrate Judge Boland warned Mr. Lachman that, if he failed within the time allowed to file a second amended complaint that complied with the September 4 order, the amended complaint and the action would be dismissed without further notice. Mr. Lachman has failed to file a second amended complaint that meets the requirements of Fed. R. Civ. P. 8. The second amended complaint also will be dismissed for that reason.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Lachman files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Geoffrey Lachman, to comply with the minute order of October 18, 2012; for his failure to prosecute; and for his failure to file a second amended complaint that complies with the pleading requirements of Rule 8 and the directives of the order of September 4, 2012. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  5th  day of    November           , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court